# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00024-026 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TIMOTHY ARMET GARRETT**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for the United States; Michelle C. F. Derrico, Copenhaver, Ellett & Derrico, Roanoke, Virginia, for the Defendant, Timothy Armet Garrett.*

In this drug conspiracy case, the parties have reached a tentative plea agreement, yet the government has refused to sign the document without the endorsement of a particular provision by defense counsel. In response, the defendant has filed a motion asking the court to prevent the government from interfering with his attorney-client relationship. Because I find that there is no improper motive behind the government's actions, the defendant's motion will be denied.

The defendant in this case has been indicted for conspiracy to distribute and possess a controlled substance with the intent to distribute in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A), 846 (West 1999 & Supp. 2008). As explained in the defendant's motion, the parties have agreed to the terms of a plea and have reduced

them to writing. Although her client has signed the agreement, defense counsel refuses to sign her name below the following provision:

> I have fully explained all rights available to my client with respect to the offenses listed in the pending charging document(s). I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

(Proposed Plea Agreement 11.) Instead, defense counsel signed next to her client's signature, above the statement in question. In return, the government will not execute the agreement.

The Federal Rules of Criminal Procedure require that the court "must not participate" in plea agreement discussions between the parties. Fed. R. Crim. P. 11(c)(1). This prohibition "diminishes the possibility of judicial coercion of a guilty plea" and preserves the district judge's status as a "neutral arbiter." *United States v. Cannady*, 283 F.3d 641, 644-45 (4th Cir. 2002) (quoting *United States v. Daigle*, 63 F.3d 346, 348 (5th Cir. 1995)).

Even so, I may intervene if the government insists that the plea agreement include unlawful or unconstitutional terms. Prosecutors are "subject to constitutional limitations that district courts can enforce." *Wade v. United States*, 504 U.S. 181, 185

(1992).[1] I may "review a prosecutor's refusal to [extend a plea agreement] and to grant a remedy if [I] find that the refusal was based on an unconstitutional motive." *Id.* at 185-86. To obtain relief, the defendant must present "a substantial threshold showing" of an improper motive on behalf of the prosecutor, or that the prosecutor's decision "was not rationally related to any legitimate Government end." *Id.* at 186 (internal quotation marks and citations omitted).

The government has a legitimate interest in preserving the conviction and sentence from later collateral attack by the defendant. While the requested statement by the attorney would not preclude such an attack, it is not unreasonable to believe that it might assist the government under some circumstances in fending off any later effort to set aside the guilty plea. For example, if the attorney was unavailable to testify at some point in the future, the statement might assist in showing that proper legal advice had been given prior to the plea. Accordingly, I find that counsel for the defendant has failed to demonstrate that an improper motive is the basis for the government's refusal to remove the contested provision of the plea agreement.

---

[1] *Wade* involved a refusal by the government to file a substantial assistance motion under section 5K1.1 of the United States Sentencing Guidelines Manual. Nevertheless, there is no reason why I "should treat [this decision] differently from a prosecutor's other decisions" that enjoy constitutional scrutiny. *Wade*, 504 U.S. at 185 (citing *Wayte v. United States*, 470 U.S. 598, 608-09 (1985)). Accordingly, I employ here the same principles applied in *Wade*.

- 3 -

It may be argued that the proposed language requires defense counsel to reveal information protected by the attorney-client privilege. That does not seem to be the case here. Confidential communications include only those that are "not intended to be disclosed to third persons other than in the course of rendering legal services to the client or transmitting the communications by reasonably necessary means." *United States v. (Under Seal)*, 748 F.2d 871, 874 (4th Cir. 1984). The provision in question asks that defense counsel merely confirm what her client has already disclosed.

In a statement that proceeds the provision in question, the defendant declared: "I have consulted with my attorney and fully understand my rights. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it." (Proposed Plea Agreement 11.) The provision at issue mirrors this language. Defense counsel must do nothing more than ensure that she discussed all available rights with her client, explained the terms of the plea agreement, and attest that her client made an informed and voluntary decision. There is simply no evidence that the proposed language would cause defense counsel to reveal a communication intended to be confidential.

Nor does the proposed language create a conflict of interest between the defendant and his attorney. Defense counsel has no right to make a "professional decision" at the expense of her client's best interest. If an undisclosed confidential

- 4 -

communication prevents defense counsel from truthfully making the contested statement, she may withdraw from representation without further explanation.

Because there is no evidence of an improper motive on behalf of the government, I must not intervene at this stage. Rule 11(c)(1) requires that the court remain a "neutral arbiter" between the parties during plea negotiations. *Cannady*, 283 F.3d at 645. The government has yet to sign the agreement; the plea is not finalized. If granted, the relief requested would compel the government to exclude a legitimate provision from the proposed deal. Rule 11(c)(1) does not permit such a result.

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Prohibit Government Interference with Attorney-Client Relationship is DENIED.

    ENTER: September 27, 2008

    /s/ JAMES P. JONES
    Chief United States District Judge

- 5 -

Case 1:08-cr-00024-JPJ-PMS   Document 850   Filed 09/27/08   Page 5 of 5   Pageid#: 6859